**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CRYSTAL WILLIAMS | * | |
| | * | |
| v. | * | Case No. CCB-10-2583 |
| | * | |
| TRAVCO INSURANCE CO. | * | |

******

## MEMORANDUM

Pending before this court is a motion for partial summary judgment filed by defendant TravCo Insurance Company ("TravCo") and a cross-motion for partial summary judgment and motion, in the alternative, for leave to file an amended complaint filed by plaintiff Crystal Williams ("Ms. Williams"). The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6. For the reasons stated below, all motions will be denied, without prejudice, and the parties will be contacted to further discuss this case.

## FACTUAL BACKGROUND

On August 2, 2007, during the course of her employment with the District of Columbia (D.C.) government, Ms. Williams was involved in an automobile accident as a passenger in a vehicle driven by her supervisor. The unknown driver who rear-ended the supervisor's car left the scene before the authorities arrived. Ms. Williams missed nine weeks of work and received workers' compensation benefits from the D. C. government as a result of her injuries. The parties disagree as to the amount of benefits paid to Ms. Williams by the D.C. workers' compensation system: Ms. Williams cites a subrogation right in the amount of $10,395.38 and TravCo cites a workers' compensation lien totaling $11,043.60, plus additional "write-downs" where care providers reduced their fees because workers' compensation was paying Ms. Williams's bills. The "write-downs" total an additional $3,591.53.

At the time of the accident, Ms. Williams had a Maryland personal automobile insurance policy with TravCo. The policy's coverage included uninsured motorist (UM) coverage in the amount of $100,000 and personal injury protection (PIP) in the amount of $2,500 for each person/each accident. Ms. Williams asserts in Counts One and Three of her First Amended Complaint that TravCo breached its contracts to provide her with UM and PIP coverage, respectively. In Count Two, she seeks a declaratory judgment that benefits paid by TravCo should not be reduced by the amounts paid to her by the D.C. government under its workers' compensation law. In Count Four, Ms. Williams claims that TravCo acted in violation of Md. Code Ann., Ins., § 3-1701 by failing to act in good faith in evaluating her claims.

Both parties seek summary judgment on Count Two (the declaratory judgment count). TravCo also seeks partial summary judgment as to the remaining claims.

## ANALYSIS

**Choice of Law**

"A federal court sitting in diversity applies the choice of law rules of the forum state in which it sits." *Cecilia Schwaber Trust Two v. Hartford Acc. and Indem. Co.,* 437 F.Supp.2d 485, 488 (D. Md. 2006) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941)). The parties agree that the insurance contract in this case is a Maryland contract designed to comply with Maryland's uninsured motorist statute, Md. Code Ann., Ins., § 19-509. The action by the insured, Ms. Williams, against the insurer, TravCo, is a contract action. Because the insurance contract was made in Maryland, Maryland law governs the dispute under the doctrine of *lex loci contractus. See Continental Cas. Co. v. Kemper Ins. Co.*, 173 Md. App. 542, 548 (Md. Ct. Spec. App. 2007). Although D.C. substantive tort law would apply to issues of fault and damages because the accident occurred in D.C., the issues presented to this court are not questions

sounding in tort. The issues relate to the appropriate payment of contractual benefits under the governing insurance laws, and Maryland law therefore applies.

**Count 2 (Declaratory Relief)**

In Count Two, Ms. Williams seeks a declaratory judgment that any benefits paid to her by TravCo should not be reduced by the amounts that she received from the D.C. government under its workers' compensation law. This Count presents a question of statutory interpretation of Md. Code Ann., Ins., § 19-513(e), which provides that "benefits payable under the coverages described in 19-505 [PIP] and 19-509 [UM] of this subtitle shall be reduced to the extent that the recipient has recovered benefits under the workers' compensation laws of a state or the federal government for which the provider of the workers' compensation benefits has not been reimbursed." The parties agree that Ms. Williams has received benefits under the workers' compensation laws, and that D.C., the provider of those benefits, has not been reimbursed to date. The issue is whether TravCo may reduce any PIP or UM payments to Ms. Williams by the amount of her workers' compensation benefits, because, while she may have an existing legal obligation to reimburse those benefits to D.C., she has not yet done so.

In support of her position that TravCo does not have to reduce her benefits, Ms. Williams cites the intent and purpose of the reduction requirement. She suggests that the concern that a beneficiary could engage in "double dipping," by recovering both workers' compensation benefits and PIP/UM benefits for the same injury, is inapplicable in her case. She further asserts that the D.C. Code, § 1-623.32, requires that she reimburse the D.C. government for its workers' compensation payments out of any insurance proceeds she receives.[1] As a result, if Ms.

---

[1] Section 1-623.32 provides in relevant part that, "If an injury or death for which [workers'] compensation is payable under this subchapter is caused under circumstances creating a legal liability in a person other than the District of Columbia government to pay damages, and a

3

Williams's reading of the D.C. statute is correct, she actually will lose some of the benefits to which she would otherwise be entitled under her insurance contract, because TravCo will first reduce the benefits it pays to her by the amount she owes to D.C., and then she will also pay D.C. back an equal amount. Ms. Williams asserts that the Maryland law requiring TravCo to make the reduction unfairly penalizes low-income individuals who do not have independent assets to pay back workers' compensation benefits prior to reaching a settlement or disposition of their PIP or UM claims.

TravCo disagrees with the basic premise that Ms. Williams is required to reimburse D.C. under these circumstances, citing the distinction between "damages" paid as a result of a "suit or settlement" of a lawsuit against a third party and the contractual benefits that she might receive from her TravCo insurance policy. No clearly controlling authority under D.C. law has been proffered, however, and it appears from counsel's recent correspondence that D.C. still expects the lien to be paid.

In short, it does not appear consistent with statutory intent that Ms. Williams rather than TravCo would have to reimburse D.C. from any settlement or judgment she might be awarded against TravCo.

**Count Three (Breach of Contract – PIP benefits)**

Defendants contend that summary judgment is appropriate as to Count Three because the amount of the workers' compensation reduction that would need to be applied to the PIP benefits exceeds the maximum amount of the PIP coverage. While, as described above, TravCo may be

---

beneficiary entitled to compensation from the District of Columbia government for that injury or death receives money or other property in satisfaction of that liability as a result of suit or settlement by him or her in his or her behalf, that beneficiary, after deducting therefrom the costs of suit and a reasonable attorney's fee, shall refund to the District of Columbia government the amount of compensation paid by the District of Columbia government . . "

entitled to reduce the benefits it pays to Ms. Williams by the amount of the workers' compensation benefits she received, TravCo is not entitled to reduce both the PIP benefits and the UM benefits by the entire amount of the workers' compensation benefits.  While the Maryland statute providing for the reduction of insurance benefits does not expressly address whether one insurance company can reduce two sets of benefits by the same amount under the same policy, the legislative intent is clear.  Insurance policies are required to provide both UM and PIP coverage, and it would be illogical to allow the insurance companies to avail themselves of the workers' compensation reduction twice under the same policy.  That interpretation would unfairly penalize the insured.  Summary judgment is therefore inappropriate on Count Three, because it is possible that the full amount of the workers' compensation benefits could be deducted from UM benefits to be paid to Ms. Williams, which would allow additional payment under the PIP coverage.

However, as it appears Ms. Williams has no PIP claim pending, this issue may be moot. *See* Def. Mot., Exh. A, TR0161; joint correspondence of February 16, 2012.

**Count 4 (Good Faith)**

The good faith requirement in Md. Code Ann., Cts. & Jud. Proc., § 3-1701 requires that an insurer make "an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on the claim." Analysis of whether an insurer has acted in good faith involves assessing the totality of the circumstances, including:

> efforts or measures taken by the insurer to resolve the coverage dispute promptly or in such a way as to limit any potential prejudice to the insureds; the substance of the coverage dispute or the weight of legal authority on the coverage issue; [and] the insurer's diligence and thoroughness in investigating the facts specifically pertinent to coverage.

*Cecilia Schwaber Trust Two v. Hartford Acc. & Indem. Co.,* 636 F. Supp. 2d 481, 487 (D. Md. 2009) (quoting *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55, 63 (Fla. 1995)).

TravCo correctly contends that Ms. Williams's allegations are too vague and conclusive to state a claim for relief.  Ms. Williams has not alleged sufficient specific facts to make it plausible that TravCo has acted in bad faith rather than with reasonable diligence in the face of unclear legal principles and gradually evolving medical information proffered by the plaintiff.

Further, I will deny the plaintiff's motion for leave to amend the complaint because it is advanced only in the opposition to the motion to dismiss and she did not comply with Local Rule 103.6 (setting forth procedures governing amended pleadings).

A separate Order follows.


Dated:  March 5, 2012                                    _____ /S/_____
                                                                              Catherine C. Blake
                                                                              United States District Judge